Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

District of Columbia

Civil Division

|  |  |
|---|---|
| LaTasha C. Williams | Case: 1:24-cv-02310    JURY DEMAND |
|  | Assigned To : Unassigned |
|  | Assign. Date : 7/26/2024 |
| *Plaintiff(s)* | Description: Employ. Discrim. (H-DECK) |

LaTasha C. Williams

)
)
)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

**-v-**

Secretary of the Navy
Carlos Del Toro

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

Case: 1:24-cv-02310    JURY DEMAND
Assigned To : Unassigned
Assign. Date : 7/26/2024
Description: Employ. Discrim. (H-DECK)

Jury Trial: *(check one)*  ☑Yes  ☐No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.    The Parties to This Complaint**

**A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | LaTasha C. Williams |
| Street Address | 601 L. Street SE, Apt.# 302 |
| City and County | Washington, |
| State and Zip Code | District of Columbia |
| Telephone Number | (240) 603-0528 (disconnected) |
| E-mail Address | None Provided |

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | Carlos Del Toro, et al |
| Job or Title (if known) | Secretary of the Navy |
| Street Address | 1000 Pentagon Departmeny of the Navy |
| City and County | Washington |
| State and Zip Code | District of Columbia 20350-1000 |
| Telephone Number | (703) 697-1776 |
| E-mail Address (if known) | Unknown |

Defendant No. 2

| | |
|---|---|
| Name | Lloyd J. Austin III, et al |
| Job or Title (if known) | Secretary of Defense |
| Street Address | 1000 Defense Pentagon |
| City and County | Washington |
| State and Zip Code | District of Columbia 20301-1000 |
| Telephone Number | (703) 697-1776 |
| E-mail Address (if known) | Unknown |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Washington D.C. Navy Yard |
| Street Address | 1108 Third Streeet S.E. |
| City and County | Washington |
| State and Zip Code | District of Columbia. 20003 |
| Telephone Number | Unknown |

### II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑4☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑4☑    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑4☑    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑4☑    Other federal law *(specify the federal law)*:

Whistleblower Protection Act (Dodd–Frank)

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☑    Termination of my employment.

☐    Failure to promote me.

☑    Failure to accommodate my disability.

☑    Unequal terms and conditions of my employment.

☑    Retaliation.

☑    Other acts *(specify)*:    Data breached  PHI/PII and financial information by third party.

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

April 2016–October 2017

C.    I believe that defendant(s) *(check one)*:

☑    is/are still committing these acts against me.

☑    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☑    race _____

☑    color _____

☐    gender/sex _____

☐    religion _____

☐    national origin _____

☑    age *(year of birth)*    1962    *(only when asserting a claim of age discrimination.)*

☑    disability or perceived disability *(specify disability)*

TBI _____

E.    The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Unlawful Discrimination Alleged, employer actively mislead, Title VII plaintiff regarding the real reason for dismissal/termination, the statute of limitations will not begin to run, will be tolled until the facts which would support a plaintiffs cause of actions are apparent or should be apparent to a person reasonably prudent regard their right. In otherwords, concealment for the true facts that would have alerted plaintiff of the true reason for discharge/termination which is a prerequisite for tolling of the limitations period on the basis of employers misrepresentation.  Plaintiff had no reason to believe that she was the victim od unlawful discrimination. Employers engaged in deliberate strategy to deceive or lull plaintiff into an untimely filing of the complaints. (ongoing) Extememe Stone Walling Data breach by third party

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

2016-2017 Plaintiff spoke with Inspector General, Employee Relations, Congressman Steny Hoyers Constituants Office, Employer was aware, plaintiff faced adverse action-termination & stonewalling

B.      The Equal Employment Opportunity Commission *(check one)*:

4       has not issued a Notice of Right to Sue letter.

4       issued a Notice of Right to Sue letter, which I received on *(date)* _____ .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

4       60 days or more have elapsed.

4       less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff requests the Make Whole Remedy under the Whistleblower Protection Act /Dodd-Frank to include: Front Pay, due to irreparable animosity between agency and plaintiff. Impossible productive and amicable relationship between agency and plaintiff. Back pay and benefits, Compensatory damages, Punitive or exemplary damages, back pay awards (consideration for anticipated salary increases), Interests on all damages, restore vacation time, restore lost retirement time, medical expenses (to include future expenses), compensation for lost overtime (that would have been earned but for the discharge/termination), restore employee savings plan, restoration of seniority, correct employee personnel file. A formal letter of apology, Positive recommendation letter, as Jury and Court determines.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:      August 6, 2024

Signature of Plaintiff _____

Printed Name of Plaintiff     LaTasha C. Williams

### B.    For Attorneys

Date of signing: _____

Signature of Attorney         _____

Printed Name of Attorney      _____

Bar Number                    _____

Name of Law Firm              _____

Street Address                _____

State and Zip Code            _____

Telephone Number              _____

E-mail Address                _____

Print        Save As...        Add Attachment        Reset

UNITED STATES DISTRICT COURT OF THE
DISTRICT OF COLUMBIA
CIVIL DIVISION

LA'TASHA C. WILLIAMS
601 L. STREET S.E. APT.#302
WASHINGTON, D.C. 20003

PLAINTIFF,

Case No._____

VS.

LLOYD J. AUSTIN III,  et al          CLASS ACTION COMPLAINT
1000 DEFENSE PENTAGON
WASHINGTON, D.C. 20301-1000          _JURY DEMAND_

and

CARLOS DEL TORO, et al
1000 PENTAGON  DEPARTMENT
OF THE NAVY
WASHINGTON, D.C. 20350-1000

and

ERIC M. SMITH, et al
3000 MARINE CORPS PENTAGON
WASHINGTON, D.C. 20350-3000

and

FRANK KENDALL, et al
1670 AIR FORCE PENTAGON
WASHINGTON, D.C. 20330-1670

DEFENDANTS.

*Plaintiff La'Tasha C. Williams formerly, Cornelia Williams-Valdiri*

*("Plaintiff") brings class action against The Department of the Navy, Marine*

*Corps, Department of the Air Force, Secretary of Defense (collectively , Defense*

*Department") for their failure to properly secure and safe guard Plaintiff's and*

*Class Members' protected health information and personally identifiable*

*information stored within Department of Defense's information network.*

## JURISDICTION

1.      Jurisdiction is proper in this Court under 28 U.S.C. 1332 (diversity jurisdiction); specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. 1332(d) because this is class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one class member is a citizen of a different state from Washington, D.C. and the Defense Department.

2.      Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in this Court under 28 U.S.C. 1367.

3.      Defense Agency is headquartered and routinely conducts business in the State where this district is located on it's military installations, Exchanges,

commissaries, gas stations, car care centers has sufficient minimum contacts in this State, and has intentionally availed itself of this jurisdiction by recruiting, providing military services for service members and their families, civilians, veterans, marketing, and selling products and services and by accepting and processing payments for those products and services within this State.

### *VENUE*

1.      Venue is proper in this court under 28 U.S.C. 1391 because a substantial part of the events that gave rise to Plaintiff's claims occurred within multi states to include the District, and the Department of Defense does business in this District.

### ***Personal Jurisdiction***

1.      The Department of Defense is America's largest government agency. Their mission is to provide military forces needed to deter war and ensure our safety.

2.      Department of Defense agencies acquired, collected and stored Plaintiff's and Class Members PHI/PII and /or financial information.

3.      At all relevant times, Defense Agencies knew or should have known that Plaintiff and Class Members would use/ Defense Agency's services to store and/or share sensitive data, including highly confidential PHI/PII.

4.    While employed at the Parris Island, Marine Corps Recruit Depot, Parris Island, S.C. 2007-2015, mainly during the timeline of 2012-2015 and on to present day, upon information and belief, unauthorized third party cyber criminals gained access to Plaintiff's and Class Members' PHI/PII and financial information as hosted with the Defense Department Agency, with the intent of engaging in the misuse of the PII and financial information, including marketing and selling Plaintiff's and Class members PHI/PII.

5.    The total number of individuals who have had their data exposed due to the Defense Departments failure to implement appropriate security safeguards is unknown at this time but is estimated to be in the tens/hundreds of thousands based on Defense Department's organizations.

6.    Personal health information ("PHI") is a category of information that refers to an individual's medical records and history, PHI is disclosed to military command authorities, while no longer subject to HIPAA, remains protected under the Privacy Act of 1974. ("However, this information can be disclosed under special circumstances")(Military Command Exception)

7.    Personal health information ("PHI") is a category of information that refers to an individual's medical records and history, which is protected under the Privacy Act of 1974, which may include test results, procedure descriptions,

diagnosis, personal or family medical histories and data points applied to a set of demographic information for a particular patient.

8. Personally identifiable information ("PII") generally incorporates information that can be used to distinguish or trace an individual's identity and is generally defined to include certain identifiers that do not on their name an individual but that are considered to be particularly sensitive and/ or valuable if in the wrong hand (for example, Social Security numbers, passport numbers, financial account information Information, driver's license numbers).

9. The vulnerable and potentially exposed data at issue of Plaintiff and Class stored on the Defense Department's information network includes, without limitations, names, medical record information, addresses, dates of birth, Social Security numbers, and locations and dates of service related to upcoming appointments that require anesthesia.

10. Defense Department disregarded the rights of Plaintiff and Class Members by intentionally, willfully, recklessly, or negligently failing to take and implement adequate and reasonable measures to ensure that Plaintiff's and Class Members' PHI/PII was safe guarded, failing to take available steps to prevent unauthorized disclosure of data, and failing to follow applicable, required and appropriate protocols, policies, and procedures regarding the encryption of data, even for internal use.

11.    As a result, the PHI/PII of Plaintiff and Class Members was compromised through disclosure to an unknown unauthorized third party– an undoubtedly nefarious third party that seeks to profit off this disclosure by defrauding Plaintiff and class Members in the future.

12.    Plaintiff and Class Members have a continuing interest in ensuring that their information is and remains safe, and they are entitled to injunctive and equitable relief.

## *PARTIES*

### PLAINTIFF LA'TASHA C. WILLIAMS

1.    Plaintiff La'Tasha C. Williams formerly, Cornelia Williams-Valdiri is an adult individual and, at all relevant times herein, a resident and citizen of Washington, residing in the District of Columbia. Plaintiff is a victim of the Data Breach.

2.    Plaintiff was an employee of the Department of the Navy and their information was stored with the Department of Defense due to their employment and dealings with Defense Department and Department of the Navy, Department of the Air Force, and the Marine Corps which falls under the Department of the Navy as well.

3. As required to obtain employment and services from the Department of the Navy, Department of the Air Force, Marine Corps ("Department of Defense") with highly sensitive personal, financial, health, and insurance information, who then possessed and controlled it.

4. As a result, Plaintiff's information was among the data accessed by an unauthorized third party in the Data Breach.

5. At all times herein relevant, Plaintiff is and was a member of each of the Classes.

6. Plaintiff did not receive a letter from the Defense Department stating that their PHI/PII or financial information was involved in the Data Breach.

7. Plaintiff was unaware of the Data Breach initially. (this is ongoing to present day)

8. Plaintiff 's experienced continuation of constant incidents and violations with on going continuation of data breach while employed at the Washington , D.C. Navy Yard, Joint Base Andrews, AFB, Parris Island. (this is ongoing to present day)

9. Plaintiff spoke to IG, Employee Relations, and Congress because of the ongoing incidents experienced while employed in four federal employment positions, work hindering and injuring Plaintiff  Plaintiff  has had every area in her life affected, injured, this caused "Economic Harm" /"Privacy Act Violation" to

plaintiff as well as "Homelessness" as this Data Breach continues to affect plaintiff in this present day. Plaintiff alleges that third parties allegedly may have access to her data at the Navy Yard, Parris Island, Joint BAse Andrews  and contributed to the Washington, D.C. ongoing  Data Breach.

10.    As a result, Plaintiff was injured in the form of unauthorized persons with access to plaintiff's fair credit information and having plaintiff's good credit erased, which lowered the score, giving the appearance that the Plaintiff was just starting to build credit.

11.    Plaintiff has an unexplained additional $12,000.00 extra banking debt added to her credit card and even as of today, no one will tell plaintiff how that debt amount occurred; and or accounts opened and closed shortly afterwards without plaintiff's consent or knowledge.

12.    Plaintiff experienced her Veterans information changed  and data manipulated; plaintiff had to inform the Veterans Privacy Officer/FOIA,

13.    Plaintiff faced such extreme stonewalls from accessing Federal agencies and some information/assistance provided by the agencies, as well as private information,

14.    Plaintiff cellular phones were constantly disconnected  to present day even though plaintiff paid her monthly bills as agreed, with very good to excellent credit,

15. Plaintiff could not purchase a home as a Veteran even though she was qualified to do so. Plaintiff taxes and tax transcripts were compromised where data was inconsistent and or manipulated interfering with educational right violations to include utility billing tampering/inconsistencies/ under plaintiff's name.

16. This Data Breach caused Plaintiff to constantly stop and address each issue, plaintiff would update her information with agencies, and days later the information the agency had on file was switched back to outdated information.

17. Plaintiff lost everything that she owned to include her Privately Owned Vehicle

18. This prevented plaintiff from enjoying her Constitutional and Civil Rights, as a citizen, Plaintiff could not participate in food programs, programs for utility assistance, events of entertainment, medical insurance, tax preparers, health, life insurance, this Data Breach prevented everything that is afforded most citizens to include Freedoms, Privileges, Liberties, Quality of Life away from plaintiff;

19. "Injuries in the form of lost time dealing with the consequences, of the Data Breach, which included and continues to include: time spent verifying the legitimacy and impact of the Data breach;

20. Time spent exploring credit monitoring and identity theft insurance options; time spent self monitoring accounts with heightened scrutiny and time

spent seeking legal counsel regarding their options for remedying and /or mitigating the effects of the Data Breach.

21.    Plaintiff falls under the Americans with Disabilities Act "Unequal Access to Representation" as this harms Plaintiff's livelihood, quality of life as a human being, a citizen"

22.    Plaintiff suffered actual injury in the form of damages to and diminution in the value of their PHI/PII-a condition of intangibles property that they entrusted to the Defense Department and the Employing Agencies which was compromised as a result of the Data Breach.

23.    Plaintiffs, as a result of the "Data Breach", have increased anxiety for their loss of privacy and anxiety over the impact of cybercriminals accessing, using, selling their PHI/PII and/ or financial information.

24.    Plaintiff was injured in the form of lost time dealing with the consequences of the Data Breach, which included and continues to include:  time spent verifying the legitimacy and impact of the Data Breach; time spent exploring credit monitoring and; time spent self-monitoring her accounts with heightened scrutiny and time spent seeking legal counsel regarding options for remedying and/ or mitigating the effects of the Data Breach

Plaintiff was/is injured by the material risk to future harm she suffers imminent, impending injury arising from the substantially increased risk of fraud,

identity theft, and misuse resulting from her data being exposed in the breach, the data involved, including Social Security numbers, and healthcare information, is highly sensitive and presents a high risk of identity theft or fraud their PHI/PII and financial information, in combination with their name, being placed in the hands of unauthorized third parties. It is likely, given the Defense Department's clientele, that some of the Class's information that has been exposed has already been misused.

25. Plaintiff has been forced to lose the use of her birth name and has had name change to a different name altogether due to the ongoing circumstances because of the Data Breach)

26. Plaintiff has a continuing interest in ensuring that their PHI/PII and financial information, which , upon information and belief, remains backed up in Department of Defense, Department of the Navy, Department of the Air Force, Marine Corps which falls under the Department of the Navy's possession, is protected and safeguarded from future breaches

27. Plaintiff has suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft, and misuse resulting from their PHI/PII and financial information, in combination with their name being placed in the hands of unauthorized third parties/criminals.

***Defendants: Department of Defense, Department of the Navy, Department of the Air Force, Marine Corps, which falls under the Department of the Navy.***

27.     Defendant The Defense Department Is the largest Federal Employer and is located in Washington, D.C. Pentagon located at 1000 Defense Pentagon, Washington, D.C. 20301-1000.

28.     Defendant The Washington, D.C. Navy Yard is a military installation which is under the Department of Defense with its principal place of business is in Washington, D.C. 1108 Third Street SE Washington, D.C. 20003

29.     Defendant Joint Base Andrews, AFB, Md is a military installation which is under the Department of Defense with its principal place of business is in Temple Hills Maryland, 20762

30.     Defendant Marine Corps Recruit Depot, Parris Island, S.C. is a military installation which is under the Department of Defense with its principal place of business in 2227 Boundary Street, Beaufort S.C. 29905.

31.     The true names and capacities of the persons or entities, whether individual, corporate, associate or otherwise, who may be responsible for some of these claims alleged here are currently unknown to Plaintiff.

32.     Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the responsible parties when their identities become known.

## CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this action pursuant to the provisions of Rules of 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of them self and the following classes/subclass(es) (collectively, the "Class"):

***Nationwide Class:***

All individuals within the United States of America whose PHI/PII and/or financial information was exposed to unauthorized third parties as a result of the data breach experienced by Department of Defense, Plaintiff present times ongoing.

***Washington, D.C.***

All individuals within the Washington, D.C. area whose PHI/PII was stored by Defense Departent of the Navy, Washington, D.C. Navy Yard and /or was exposed to unauthorized third parties as a result of the data breach experienced by Department of Defense, Plaintiff present times ongoing.

34.    Excluded from the Classes are the following individuals and or entities; Defense Department and Defense Department's parents, subsidiaries, officers, directors, and any entity in which Defense has a controlling interest; all individual who make timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state, or local governments, including but not limited to its departments, agencies, divisions, bureau, boards,

sections, groups, consoles and/ or subdivisions;and all judges assigned to hear any aspect of this litigation, as well as its immediate family members.

35.     Plaintiff reserves the right to amend the above definitions or to propose subclasses in subsequent pleadings and motions for class certification.

36.     This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation, and membership in the proposed classes is easily ascertainable.

37.     **Numerosity:** A class action is the only available method for fair and efficient adjudication of this controversy, as the members of the Plaintiff's class (which Plaintiff is informed and believes, and on that basis, alleges that the total number of persons is in the hundreds of thousands of individuals and can be determined analysis of Defense Department's records) are so numerous that joinder of all members is impractical, if not impossible.

38.     **Commonality:** Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issue of the fact and law which predominate over any questions and issues sole affecting individual members, including, but not necessarily limited to:

a.  Whether  Defense Department had legal duty to Plaintiff and the classes to exercise due care in collecting, storing, using, and/or safeguarding their PHI/PII;

b.  Whether Defense Department knew or should have known of the susceptibility of its data security systems to a data breach;

c.  Whether Defense Department security procedures and practices to protect its systems were reasonable in light of the measures in light recommended by the data security experts;

d.  Whether Defense Department's failure to implement adequate data security measures allowed the Data Breach to occur;

e.  Whether Defense Department failed to comply with its own policies and applicable laws, regulations, and industry standards relating to data security;

f.  Whether Defense Department adequately, promptly, and accurately informed Plaintiff and class Members that their PHI/PII had been compromised;

g.  How and when  Defense  Department actually learned of this Data Breach;

h.  Whether Department of Defense's conduct, including its failure to act, resulted in or was the proximate cause of the breach of its systems, resulting in the loss of the PHI/PII of Plaintiff and Class members;

i.  Whether Defense Department adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

j.   Whether Defense Department engaged in unfair, unlawful, deceptive practices by failing to safeguard the PHI/PII of Plaintiff and Class Members;

k.   Whether Plaintiff and Class Members are entitled to actual and /or statutory damages and /or whether injunctive, corrective, and /or declaratory relief and /or accounting is/are appropriate as a result of Defense Department's wrongful conduct; and

l.   Whether Plaintiff and Class Members are entitled to restitution as a result of Defense Department's wrongful conduct.

39.    **Typicality:** Plaintiff's claims are typical of the claims of the Plaintiff Classes. Plaintiff and all members of the Plaintiff Classes, sustained damages arising out of and caused by Defense Department's common course of conduct in violation of law, as alleged herein.

40.    **Unequal Access to Representation:** Plaintiff in this class action is an adequate representative of each of the Plaintiff Classes in that the plaintiff has the same interest in the litigation of this case as the Class Members, is committed to the vigorous prosecution of this case, and has not been able to retain competent counsel who is experienced in conducting litigation of this nature. Plaintiff falls under the Americans with Disabilities Act.

41.    **Superiority of Class Action:** Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member make or may make it impractical for members of the Plaintiff Classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or required to be brought by each member of the Plaintiff Classes, the resulting multiplicity of lawsuits would cause undue hardship and expenses for the Court and the litigants.

42.    The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of the Class Members who are not parties to the adjudication and / or may substantially impede their ability to protect their interests adequately.

43.    The class action is also appropriate for certifications because Defense Department has acted or refused to act on grounds generally applicable to Class Members, thereby requiring the Court's imposition of the uniform relief to ensure compatible standards of conduct toward the Class Member and making the final injunctive relief appropriate with respect to the Class in its entirety.

46.    Defense Department's policies and practices challenged herein apply to and affect Class Members uniformly, and Plaintiff's challenge of these policies and practices hinges on Defense Department's conduct with all respect to the Class in its entirety, not on facts or law applicable only to Plaintiff.

47.    Unless a Class-wide injunction is issued, the Defense Department may continue failing to properly secure the PHI/PII and /or financial information of Class Members, and the Defense Department may continue to act unlawfully as set forth in this Complaint.

48.    Further, the Defense Department has acted or refused to act on grounds generally applicable to the Classes and accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

## Statement of Facts

## Defense Department's Response to the Breach

49.    Upon information and belief, the unauthorized third-party cybercriminals gained access to Plaintiff's and Class Members' PHI/PII and financial information with the intent of engaging in the misuse of the PHI/PII and financial information, including marketing and selling Plaintiff's and Class Members' PHI/PII.

50.    Defense Department had an continues to have obligations created by the Privacy Act and HIPAA applicable federal and state law set forth herein, reasonable industry standards, common law, and its own assurances and

representation to keep Plaintiff's and Class Members' PHI/PII and financial information confidential and to protect such PHI/PII from unauthorized access.

51.    Plaintiff and Class were required to provide their PHI/PII and financial information to Defense Department Agencies as a condition of their employment, and as part of providing employment and providing health care services (which plaintiff constantly was stonewalled and or prevented from securing full medical/health care although qualified for coverage at Joint Base Andrews, AFB, Maryland, at the Washington D.C. Navy Yard, until reaching out to Congressional Members Office for assistance and having a Human resource staffer apply on Plaintiff's behalf) Defense Department created, collected, and stored Plaintiff' and Class Members with reasonable expectation and mutual understanding that Defense Department Agencies would comply with its obligation to keep such information confidential and secure from unauthorized access.

52.    Despite this, Plaintiff and the Class Members remain, even today, in the dark regarding what data was stolen, the particular malware used, and what steps are being taken to secure their PHI/PII and financial information going forward.

53.    Plaintiff and Class Members are , thus, left to speculate as to where their PHI/PII ended up, who has used it, and for what potential nefarious purposes, and are left to further speculate as to the full impact of the Data Breach

and how exactly the Department of Defense intends to enhance its information security systems and monitoring capabilities to prevent further breaches.

54. Unauthorized individuals can now easily access the PHI/PII and or financial information of Plaintiff and Class Members.

## *Defense Department Agencies Collected/Stored Class Members' PHI/PII and Financial Information*

55. Defense Department acquired, collected, stored and assured reasonable security over Plaintiff's and Class Members' PHI/PII and financial information.

56. As a condition of its relationship with Plaintiff and Class Members, Defense Department Agencies required that Plaintiff and Class Members 'entrust Defense Department Agencies with highly sensitive and confidentialPHI/PII and financial information.

57. Defense Department Agencies, in turn, stored that information in part of the Department of Defense's system that was ultimately affected by the Data Breach.

58. By obtaining, collecting, and storing Plaintiff's and Class Members' PHI/PII and financial information, Defense Department Agencies assumed legal and equitable duties and knew or should have known that they were thereafter

responsible for protecting Plaintiff's and Class Members' PHI/PII and financial information from unauthorized disclosure.

59.    Plaintiff and Class Members have taken reasonable steps to maintain the confidentiality of their PHI/PII and financial information.

60.    Plaintiff and Class Members relied on Defense Department Agencies to keep their PHI/PII and financial information confidential and securely maintained to use this information for business and healthcare purposes only, and to make only authorized disclosures of its information.

61.    The Defense Department could have prevented the Data Breach, (which began at Parris Island, S.C.,then on to Joint Base Andrews AFB, Maryland and the Washington, D.C Navy Yard and is still ongoing as of present, day 2024 with no relief), by adequately securing and encrypting and/or more securely encrypting its servers generally and Plaintiff's and Class Members PHI/PII and financial information. (Making this  an extreme violation for Supervisors to have employee's post their personal phone numbers in work areas where third parties  to include contractors have access to and or making threatening remarks of exploitation to employees about having access to their social security numbers and being able to do anything with it and or leaking that information to unauthorized third parties).

62.     Defense Department Agencies' negligence in safeguarding Plaintiffs and Class Members PHI/PII and financial information is exacerbated by repeated warnings and alerts to protect and secure sensitive data, as evidenced by the trending data breaches attacks in recent years.

63.     Yet, despite the prevalence of public announcement of data breaches and data security compromises, the Defense Department failed to take appropriate steps to protect Plaintiff's and Class Members' PHI/PII and financial information from being compromised.

## *Defense Department Had an Obligation to Protect the Stolen information*

64.     Defense Department's failure to adequately secure Plaintiff's and Class Members' sensitive data breaches duties it owes Plaintiff and Class Members under statutory and common law.  Under the Privacy Act/ HIPAA, health insurance providers have an affirmative  duty to keep patients' Protected Health Information private.  As a covered entity, the Defense Department has a statutory duty under the Privacy Act /HIPAA and other federal and state statutes to safeguard Plaintiff's and Class Members data. Moreover, Plaintiff and Class Members surrendered their highly sensitive personal data to Defense Department Agencies' under implied condition the Defense Department would keep it private and secure.  Accordingly, the Defense Department also has an implied duty to safeguard their data, independent of any statute.

65.    Because the Defense Department is covered by the Privacy Act 1974, Pub Law No. 93-579, 88 Stat 1896 Dec 31, 1974), codified at 5 U.S.C. 552a (2018), went into effect on September 27, 1975, when it became the principle law governing the handling of personal information in the federal government.

66.    Enacted in the wake of the Watergate and the Counterintelligence Program (COINTELPRO) scandals involving illegal surveillance on opposition political parties and individuals deemed to be "subversive", the Privacy Act sought to restore trust in government and to address what at the time was seen as a threat to American democracy.

67.    There must be limits upon what the government can know about each of its citizens. HEW /Health, Education, Welfare (records, computers, and rights of citizens;

68.    HIPAA (45 C.F.R 160, 102), it is required to comply with the HIPAA Privacy Rule, 45 C.F.R. Part 160 and Part 164, subparts A and E ("Standards for Privacy of Individually Identifiable Health Information") and Security Rule ("Security Standards for Protection of Electronics Protected Health Information"), 45 C.F.R. Part 160 and Part 164, Subparts A and C.

69. HIPAA's Privacy Rule  or Standards for Privacy of Individually Identifiable Health Information establishes national standards for protecting health information.

70. HIPAA's Privacy Rule or Security Standards for the Protection of Electronic Protected Health Information establishes a national set of security standards for protecting health information that is kept or transferred in electronic form.

71. HIPAA requires the Defense Department to "comply with applicable standards, implementation specifications, and requirements" of HIPAA "with respect to electronically protected health information."45 C.F.R. 164.302.

72. "Electronic protected health information" is "individually identifiable health information… that is (i) transmitted by electronic media; maintained in electronic media" 45 C.F.R. 106.103.

73. HIPAA's Security Rule requires Defense Department to do the following:

a.    Ensure the confidentiality, integrity, and availability of all electronically protected health information the covered entity or business associate creates, receives, maintains, or transmits;

b.    Protect against any reasonable anticipated threats to the security or integrity of such information;

c.    Protect against any reasonably anticipated uses or disclosures of such information that are not permitted and

d.    ensure compliances by its workforce.

74.    HIPAA also requires the Defense Department to" review and modify the security measures implemented…as needed to continue provision of reasonable and appropriate protection of electronically protected health information" under 45 C.F.R. 164.306 (e). and to "implement technical policies and procedures for electronic information systems that maintain electronically protected health information to allow access only to those persons or software programs that have been granted access rights. 45 C.F.R. 164.312(a)(1).

75.    Moreover, the HIPAA Breach Notification Rule, 45 C.F.R. 164.400-414, requires the Defense Department to provide notice of Data Breach to each affected individual" without unreasonable delay and in no case later than 60 days following the discovery of the breach.

76.    In addition to its obligation under federal and state laws, Defense Department, owed a duty to Plaintiff and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the PHI/PII and financial information in Defense Department's possession from being compromised, lost, stolen, accessed, and misused by unauthorized third parties.

77.    The Privacy Act Require agencies to procure consent before records pertaining to an individual collected for one purpose could be used for other incompatible purposes; collect such records only for lawful and authorized purposes and safeguard them appropriately.

78.    Judicial redress is afforded to individuals when an agency fails to comply with access and amendment rights, liability for damages is afforded in the event of a willful or intentional violation of these rights.

79.    The Defense Department owed a duty to Plaintiff and Class Members to provide reasonable security, including consistency with industry standards and requirements, and to ensure that its computer system, networks, and protocols adequately protected the P?HI/PII and financial information of Plaintiff and Class Members'.

80.    The Defense Department owed Plaintiff and Class Members a Duty to design, maintain and test its computers systems, servers and networks to ensure that thePHI/PII and financial information was adequately secured and protected.

81.    The Defense Department owed Plaintiff and Class Members a duty to create and implement reasonable data security practices and procedures to protect the PHI/PII and financial information in its possession, including not sharing information with other entities who maintained sub-standard data security systems.

82.    The Defense Department owed a duty to Plaintiff and Class Members to implement processes that would immediately detect a breach in its data systems in a timely manner. The Defense Department owed a duty to Plaintiff and Class Members to act upon data security warnings and alerts in a timely fashion.

83.    Defense Department owed a duty to Plaintiff and Class Members to disclose if its computer systems and data security practices were inadequate to safeguard individuals PHI/PII and /or financial information from theft because such an inadequacy would be a material fact in the decision to entrust this PHI/PII and/or financial information to Defense Department.

84.    The Defense Department owed a duty of care to Plaintiff and Class Members because they were foreseeable and probable victims of any inadequate data security practices.

85.    The Defense Department owed a duty to Plaintiff and Class Members to encrypt and /or more reliably encrypt Plaintiff's and Class Members' PHI/PII and financial information and monitor user behavior and activity to identify possible threats.

### *Value of the Relevant Information*

86.    PHI/PII and financial information are valuable commodities for which a "cyber black market" exists in which criminals openly post stolen payment card

numbers, Social Security numbers, and other personal information on several underground internet websites.

87.    Numerous sources cite dark web pricing for stolen identity credentials; for example, personal information can be sold at a price ranging from $40 to $200, and bank details have a range of $50 to $200; Experian reports that a stolen credit or debit card number can sell for $5 to $110 on the dark web, and other sources report that criminals can also purchase access to entire company data breaches from $999 to $4,995

88.    Identity thieves can use PHI/PIIand financial information, such as that of Plaintiff and Class Members', which Defense Department failed to keep secure, to perpetrate a variety of crimes that harm victims—for instance, identity thieves may commit various types of government fraud such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victims's information to obtain government benefits, or filing a fraudulent tax return using the victims's information to obtain a fraudulent refund.[1]

---

[1] Your personal data is for sale on the dark web. Here's how much it costs, Digital Trends, Oct. 16, 2019, available at: https:// www.digitaltrends.com/computing
personal-data-sold-on-the-dark-web-how-much-it-costs/
Here's How Much Your Personal Information Is Selling for on the Dark Web, Experian, Dec. 6 2017., available at:
https://www.experion.com/blogs/ask-experion/here-how-much-your-personal-information-is-selling-for-on-t he-dark-web
In the Dark, VPNOverview, 2019, available at:
https://vpnoverview.com/privacy/anonymous-browsing/in-the-dark (July 5, 2023)

89.    There may be a time lag between when harm occurs versus when it's discovered,and also between when PHI/PII and /or financial information is stolen and when it is used:according to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches: Law enforcement Officials State that in some cases, stolen data might be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all the future harm.

90.    The Defense Department knew of the importance of safeguarding PHI/PII and financial information and of the foreseeable consequences that would occur if Plaintiff and Class Members PHI/PII and financial information were stolen, including the significant costs that would be placed on Plaintiff and Class Members as a result of a breach of this magnitude.

91.    As detailed above, the Defense Department is a large sophisticated organization with the resources to deploy robust cybersecurity protocols.  It knew or should have known, that the development and use of such protocols were necessary to fulfill its statutory and common law duties to

Plaintiff and Class Members. Therefore, its failure to do so is intended, willful, reckless, and /or grossly negligent.

92.    Defense Department disregarded the rights of Plaintiff and Class Members By, *inter alia*, intentionally, willfully, recklessly, or negligently failing to take adequate and reasonable measures to ensure that its network servers were protected against unauthorized intrusions; (ii) failing to disclose that they did not have adequately robust security protocols and training.

93.    Practices in place to adequately safeguard Plaintiff's and Class Member's PHI/PII and /or financial information, (iii) failing to take standard and reasonably available steps to prevent the Data Breach; (iv) concealing the existence and extent of the Data Breach for an unreasonable duration of time; and (v) failing to provide Plaintiff and Class Member's prompt and accurate notice of the Data Breach.

## *CLAIMS*

## COUNT ONE

**Negligence**

**(On behalf of the Nationwide Class and the Washington, D.C., Subclass)**

94.    Plaintiff realizes and reincorporates every allegation set forth in the preceding as though fully set forth herein.

95.    At all times herein relevant, Defense Department owed Plaintiff and Class Members' a duty to care, *inter alia*, to act with reasonable care to secure and

safeguard their PHI/PII and/ or financial information and to use commercially reasonable methods to do so. The Defense Department took on this obligation. Upon accepting and storing the PHI/PII and/ or financial information of Plaintiff and Class Members' in its systems and networks.

96.   Among these duties, Defense Department was expected:

a.  To exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting the PHI/PII and/or financial information in possession;

b.  To protect Plaintiff's and Class Members' PHI/PII and/or financial information using reasonable and adequate security procedures and systems that were/are compliant with industry-standard practices;

c.  To implement processes to detect the Data Breach quickly and to act on warnings about data breaches timely; and to promptly notify Plaintiff and Class Members' of any data breach, security incident, or intrusion that affected or may have affected their PHI/PII and /or financial information.

97.   Defense Department knew that the PHI/PII and/or financial information was private and confidential and should be protected as private and confidential and thus, Defense Department owed a duty of care not to subject

Plaintiff and Class Members' to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

98.    The Defense Department knew or should have known, of the risks inherent in collecting and storing PHI/PII and/or financial information, the vulnerabilities of its data security systems, and the importance of adequate security.

99.    The Defense Department knew about numerous well-publicized data breaches.

100.    The Defense Department knew or should have known that its data systems and networks did not adequately safeguard Plaintiffs and Class Members' PHI/PII and/or financial information.

101.    Only the Defense Department was in the position to ensure that its systems and protocols were sufficient to protect the PHI/PII and/or financial information that Plaintiff and Class Members' had entrusted to it.

102.    The Defense Department breached its duties to Plaintiff and Class Members' by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard their PHI/PII and financial information. Because the Defense Department knew that a breach of its systems could damage thousands of individuals, including Plaintiff and Class Members, Defense Department had a duty to adequately protect its data systems and the PHI/PII and/ or financial information contained therein.

103. Plaintiff's and Class Members' willingness to entrust Defense Department with their PHI/PII and / or financial information was predicated on the understanding that Johns Hopkins would take adequate security precautions. Moreover, only the Defense Department could protect its systems, and the PHI/PII and/or financial information is stored on them from attack. Thusa, the Defense Department had a special relationship with Plaintiff and Class Members'.

104. The Defense Department also had independent duties under state and federal laws that required the Defense Department to reasonably safeguard Plaintiff's and Class Members' PHI/PII and/ or financial information and promptly notify them about the Data Breach. These "independent duties" are untethered to any contract between the Defense Department, Plaintiff, and /or remaining Class Members.

105. Defense Department breached its general duty of care to Plaintiff and Class Members in, but not necessarily limited to the following ways:

a.    by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard the PHI/PII and /or financial information of Plaintiff and Class Members';

b.    by failing to timely and accurately disclose that Plaintiff's and Class Members' PHI/PII and /or financial information had been improperly acquired or accessed;

c.      by failing to adequately protect and safeguard the PHI/PII and/or financial information by knowingly disregarding standard information security principles, despite obvious risks and by allowing unmonitored and unrestricted access to unsecured PHI/PII and  financial information;

d.      by failing to provide adequate supervision and oversight of the PHI/PII and financial information with which it was and is entrusted, despite the known risk and foreseeable likelihood of breach and misuse, which permitted an unknown third party to gather PHI/PII and financial information of Plaintiff and Class Members', misuse the PHI/PII and intentionally disclose  it to others without consent.

e.      by failing to adequately train its employee not to store PHI/PII and financial information longer than absolutely necessary;

f.      by failing to consistently enforce security policies aimed at protecting Plaintiff's and Class Members' PHI/PII and financial information;

g.      by failing to implement processes to detect data breaches, security incidents, or intrusions quickly; and

h.      by failing to encrypt Plaintiff's and Class Members' PHI/PII and financial information and monitor user behavior and activity to identify possible threats.

106. The Defense Department's willful failure to abide by these duties was wrongful, reckless, and grossly negligent in light of the foreseeable risks and known threats.

107. As a proximate and foreseeable result of Defense Department's grossly negligent conduct, Plaintiff and Class Members' have suffered damage and are at imminent risk of additional harm and damages.

108. The law further imposes an affirmative duty on Defense Department to timely disclose the unauthorized access and theft of the PHI/PII and financial information to Plaintiff and Class Members so that they could and/or still take appropriate measures to mitigate damages, protect against adverse consequences and thwart future misuse of their PHI/PII and financial information.

109. Defense Department breached its duty to notify Plaintiff and Class Members' of the unauthorized access by waiting days, weeks, months, years after learning of the Data Breach to notify the Plaintiff and Class Members and then by failing and continuing to fail to provide Plaintiff and Class Members' sufficient information regarding breach.

110. To date, Defense Department has not provided sufficient information to Plaintiff and Class Members' regarding the extent of the unauthorized access and continues to breach its disclosure Obligation to Class Members'

111. Further, through its failure to provide timely and clear notification of the Data Breach to Plaintiff and Class Members', Defense Department prevented Plaintiff and its Class Members' from taking meaningful, proactive steps to secure their PHI/PII and financial information and to access their medical records and histories.

112. There is a close causal connection between the Defense Department's failure to implement security measures to protect the PHI/PII and financial information of Plaintiff and Class Members' and the harm Suffered, or risk of imminent harm suffered by Plaintiff and Class Members.

113. Plaintiff's and Class Members' PHI/PII and financial information was accessed as the proximate result of Defense Department's failure to exercise reasonable care safeguarding such PHI/PII and financial information by adopting, implementing and maintaining appropriate security measures.

114. Defense Department's wrongful actions, inactions, and omissions constituted (and continue to constitute) common law negligence.

115. The damages Plaintiff and Class Members' have suffered (as alleged above) and will suffer were and are the direct and proximate result of Defense Department's grossly negligent conduct.

116. As and direct and proximate result of Defense Department's negligence and negligence *per se,* Plaintiff and Class Members' have suffered and

will suffer injury, including but not limited to: (i) actual identity theft; (ii) the loss of opportunity of how their PHI/PII and financial information is used; (iii) the compromise, publication, and/or theft of their PHI/PII and financial information; (iv) out-of- pocket expenses associated with prevention, detection, and recovery from identity theft, tax fraud, and /or unauthorized use of their PHI/PII and financial information; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to, efforts spent researching how to prevent, detect, contest, and recover from embarrassment and identity theft; (vi) lost continuity in relation to their healthcare; (vii) the continued risk to their PHI/PII and financial information, which may remain in Defense Department's possession and is subject to further unauthorized disclosures so long as as Defense Department fails to undertake appropriate and adequate measures to protect Plaintiff's and Class Members' PHI/PII and financial information in its continued possession; and (viii) future costs in terms of time, effort and money that will be expended to prevent, detect, contest, and repair the impact of the PHI/PII and financial information compromised as a result of the Data Breach for the remainder of the lives of Plaintiff and Class Members.

117. As a direct and proximate result of Defense Department's negligence and negligence *per se,* Plaintiff and Class Members have suffered and will continue

to suffer other forms of injury and /or harm, including, but not limited to anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

118.   Additionally, as a direct and proximate result of Defense Department's negligence, Plaintiff and Class Members have suffered and will suffer the continued risk of exposure of their PHI/PII and financial information, which remain in Defense Department's possession and are subject to further unauthorized disclosure so long as Defense Department fails to undertake appropriate and adequate measures to protect the PHI/PII and financial information in its continued possession.

### COUNT TWO

**Breach of Implied Contract**

**(On behalf of the Nationwide Class and the Washington, D.C. Subclass)**

119.   Plaintiff realleges and reincorporates every allegation set forth in the preceding paragraphs as though fully set forth herein.

120.   Through its course of conduct, Defense Department, Plaintiff, and Class Members' entered into implied contracts for Defense Department to implement data security adequate to safeguard and protect the privacy of the Plaintiff's and Class Members PHI/PII and financial information.

121.   Defense Department required Plaintiff and Class Members to provide and entrust their PHi/PII and financial information as a condition of obtaining

Defense Department Employment with its agencies (Department of the Navy, Depart of the Air Force, Marine Corps who fall under the Department of the Navy) and services.

122.   The Department of Defense solicited and invited Plaintiff and Class Members to provide their PHI/PII and financial information as part of Defense Department's regular business practices.

123.   Plaintiff and Class Members accepted Defense Department's offers for employment and provided their PHI/PII and financial information to Defense Department Employing Agencies.

124.   As a condition of being employees/clients,  Medical Health Care Coverage, Dental, Vision and some employee annual physicals, hearing exams required for specific occupations, onboarding physical exams; Plaintiff and Class Members provided and entrusted their PHI/PII and financial information to (for payment, employee payroll, direct deposits to include account information) Defense Department.

125.   In doing so, Plaintiff and Class Members entered into implied contract with Defense Department Agencies by which Defense Department agreed to safeguard and protect such non-public information, to keep such information secure and confidential, and to timely and accurately notify Plaintiff and Class Members if their data had been breached and compromised or stolen.

126.   A meeting of the minds occurred when Plaintiff and Class Members agreed to and did provide their PHI/PII and financial information to the Defense Department, in exchange for employment, services amongst other things, the protection of their PHI/PII and financial information.

127.   Plaintiff and Class Members fully performed their obligations under the implied contracts with Defense Department Agencies.

128.   Defense Department breached its implied contracts with Plaintiff and Class Members by failing to safeguard and protect their PHI/PII and financial information and by failing to provide timely and accurate notice to them that their PHI/PII and financial information  was compromised as a result of the Data Breach.

129.   As a direct and proximate result of Defense Department's above-described breach of implied contract, Plaintiff and Class Members have suffered (and will continue to suffer) (a) ongoing, imminent, and impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; (b) actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; (c ) loss of confidentiality of the stolen confidential data; (d) the illegal sale of the compromised data on the dark web; (e) lost work time; and (f) other economic and non-economic harm.

### *COUNT THREE*

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

**(On behalf of the Nationwide Class and the Washington, D.C. Subclass)**

130. Plaintiff realleges and reincorporates every allegation set forth in the preceding paragraph as though fully set forth herein.

131. Every contract in this State has an implied covenant of good faith and fair dealing, which is an independent duty and may be breached even when there is no breach of a contract' actual and/ or express terms.

132. Plaintiff and Class Members have complied with and performed all conditions of their contracts with the Defense Department.

133. Defense Department breached the implied covenant of good faith and fair dealings by failing to maintain adequate computer systems and data security practices to safeguard PHI/PII and financial information, failing to timely and accurately disclose the Data Breach to Plaintiff and Class Members and continued acceptance of PHI/PII and financial information and storage of other personal information after Defense Department knew, or should have known, of the security vulnerabilities of the systems that were exploited in the Data Breach.

## COUNT FOUR

**Unjust Enrichment**

**(On Behalf of the Nationwide Class and the Washington, D.C. Subclass)**

134. Plaintiff realleges and reincorporates every allegation set forth in the preceding paragraphs as though fully set forth herein.

135. By its wrongful acts and omissions described herein, Defense Department has obtained a benefit by unduly taking advantage of Plaintiff and Class Members.

136. Defense Department, prior to and at the time Plaintiff and Class Members entrusted their PHI/PII and financial information to Defense Department Agencies for the purpose of obtaining health care coverage for services, caused Plaintiff and Class Members to reasonably believe that Defense Department would keep such PHI/PII and financial information secure.

137. The Defense Department was aware or should have been aware, that reasonable employees would have wanted their PHI/PII and financial information kept secure and would not have contracted (applied for employment) with Defense Department, directly or indirectly, had they known that Defense Department's information systems were substandard for that purpose.

138. Defense Department was also aware that if the substandard condition of and vulnerabilities in its information systems were disclosed, it would negatively affect Plaintiff's and Class Members' decisions to seek employment /services therefrom.

139. Defense Department failed to disclose the facts about its substandard information systems, defects, and vulnerabilities therein before Plaintiff and Class Members decided to make employment application, apply for health care coverage, use installation banking facilities and Exchange and Commissary Services for purchases, engage in commerce therewith, and seek services or information.

140. Defense Department was unjustly enriched at the expense of Plaintiff and Class Members, as Defense Department received profits, benefits, and compensation, in part, at the expense of Plaintiff and Class Members; however, Plaintiff and Class Members did not receive the benefit of their bargain because they paid for products and/or health care services that did not satisfy the purposes for which they bought/sought them or not receive at all.

141. Since Defense Department's profits, benefits, and other compensation were obtained from a much greater budget designated by Congress and /President of the United States Defense Department is not legally or equitably entitled to retain any of the benefits, compensation, or profits it realized from these transactions.

142. Plaintiff and Class Members seek an Order of this Court requiring Defense Department to refund, disgorge and pay as restitution any profits, benefits, and other compensation obtained by the Defense Department and its Employer

Agencies from its wrongful conduct and /or the establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

## Request for Relief

**WHEREFORE,** Plaintiff on behalf of themself and each member of the proposed National Class and the Washington, D.C. Subclass, respectfully request that the Court enter judgment in their favor and for the following specific relief against Defense Department and its Agencies as follows:

1.  That the Court declare, adjudge, and decree that this action is a proper class action and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P. Rule 23 (b)(1), (b)(2), and /or(b)(3), Including the appointment of the Plaintiff's counsel as Class Counsel;

2.  For an award of damages, including actual, nominal, and consequential damages, (past, present, future) as allowed by law in a amount to be determined;

3.  That the Court enjoin Defense Department and its Agencies, ordering them to cease unlawful activities;

4.  For equitable relief enjoying Defense Department and its Intelligence /Employer Agencies from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class Members

PHI/PII and financial information and from refusing to issue prompt, complete, and accurate disclosures to Plaintiff and Class Members;

5. For injunctive relief requested by Plaintiff, including but not limited to injunctive and other equitable relief as is necessary to protect the interest of Plaintiff and Class Members, including but not limited to and Order:

a. prohibiting Defense Department and its Agencies from engaging in the wrongful and unlawful acts described herein;

b. requiring Defense Department to protect, including through encryption, all data collected through the course of business in according with all applicable regulations, industry standards, and federal, state,or local laws;

c. requiring Defense Department and its Agencies to delete and purge the PHI/PII of Plaintiff and Class Members unless Defense Department can provide the Court reasonable justification for the retention and use of such information when weighed against the privacy interest of Plaintiff and Class Members

d. requiring Defense Department to implement and maintain a comprehensive information security program designed to protect the confidentiality and integrity of the Plaintiff's and Class Members' PHI/PII and financial information;

e. requiring Defense Department and its Agencies to engage independent third-party security monitoring, auditors and internal personnel to run automated security monitoring, simulated attacks, penetration tests, and audits on Defense Systems periodically:

f. Prohibiting Defense Department And its Agencies from maintaining Plaintiff's and Class Members PHI/PII and financial information on a cloud-based database;

g. requiring Defense Department and its Agencies to segment data by creating firewalls and access controls so that, if one area of Defense Department or it Agencies controls so that, if one area of Defense Department or it Agencies network is compromised, hackers/third parties cannot gain access to other portions of Defense Department Systems, requiring Defense Department to conduct regular database scanning and securing checks;

h. requiring that Defense Department to establish an information security training program that includes at least annual information security training program for all employees, with additional training to be provided as appropriate based upon employees' respective responsibilities with handling PHI/PII and/or financial information, as well as protecting the PHI/PII and /or financial information of Plaintiff and Class Members;

i. requiring Defense Department to implement a system of tests to assess its respective employees' knowledge of the education programs discussed in the preceding subparagraphs, as well as randomly and periodically testing employees' compliance with Defense Department's policies, program, and systems for protecting personal identifying information;

j. requiring Defense Department and Agencies to implement, maintain, review and revise as necessary a threat management program to monitor Defense Department's networks for internal and external threats appropriately and assess whether monitoring tools are properly configured, tested, and updated; and

k. requiring the Defense Department and its Agencies to meaningfully educate all Class Members about the threats they face due to the loss of their confidential personal identifying information to third parties and the steps affected individuals must take to protect themselves.

6. For prejudgement interest on all amounts awarded at the prevailing legal rate;

7. For an award of attorney's fees, costs, and litigation expenses, as allowed by law; and

8. Plaintiff asks the court to allow if possible for a change of complete Social Security number;

9. For all other Orders, findings, and determinations identified and sought in this Complaint.

## *JURY DEMAND*

Plaintiff, individually and on behalf of the Plaintiff Class(es) and or /Subclass(es), hereby demands a trial by jury for all issues triable by jury.

Dated: August, 2024                                Respectfully submitted,

By: _____

La'Tasha C. Williams
601 L. Street, SE, Apt.#302
Washington, D.C. 20006
Phone: (240) 603-0528 (disc.)