UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LATASHA C. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-02310 (UNA) |
| ) | |
| ) | |
| CARLOS DEL TORO, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

On July 6, 2024, plaintiff filed a *pro se* complaint ("Compl."), ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. Shortly thereafter, she filed an amended complaint ("Am. Compl."), ECF No. 3, which is now operative. On September 25, 2024, the court reviewed plaintiff's IFP application, but noted that it was incomplete and unsigned. *See* Minute Order (entered Sept. 25, 2024). Accordingly, the court provided plaintiff with a 30-day extension by which to file a complete amended IFP application. *See id*. That error has since been remedied by the Clerk, *see* Dkt. (Main Document 2 replaced to include second page), and the court will therefore grant plaintiff's IFP application. However, for the reasons explained below, this case is dismissed without prejudice.

Plaintiff, who attempts to bring this matter as a partial class action, sues the Secretary of the Navy, the General Commandant of the Marine Corps, and the U.S. Secretary of the Department of Defense ("DOD"). *See* Am. Compl. at 1–7, 14, 61, 131. The amended complaint is prolix—the pleading itself totals 164 pages, and it is accompanied by 178 pages of exhibits, ECF No. 3-1, with little to no explanation of same, *see* D.C. LCvR 5.1(e), (g), thus totaling 342 pages. In addition,

plaintiff has subsequently filed, without leave to do so, two supplements to the amended complaint, ECF Nos. 4, 5, for yet an additional 11 pages, bringing the grand total to nearly 400 pages.

Plaintiff, a former DOD employee, alleges that defendants committed many assorted acts of wrongdoing, in violation of countless state and federal laws, including, but not limited to: "Data Breach, and extended Hate Crime, Privacy Act Violations/Economic Harm, Discrimination, Harassment, Sexual Harassment, Employment Discrimination, Employment Negligence, Retaliation, Unlawful Practices, Deprivation of Rights Under Color of Law, Privileges, Freedoms, Prosperity, [and] Livelihood[.]" *See* Am. Compl. at 10, 43–56. The pleading is disorganized and sprawling, chronicling countless events and alleged injustices, and other minutiae, across nearly two decades. *See generally id*. At its most focused, and as best understood, plaintiff alleges that defendants allowed a "nefarious third-party" to breach an internal data system, exposing the class plaintiffs' sensitive personal medical information and thus commencing a series of unfortunate events that she compares to "cruel and inhuman torture," including alleged retaliation in response to her status as a whistleblower. *See id*. at 4–7, 10–13, 84–86, 94–96, 114, 139, 143. She demands equitable relief and damages. *See id*. at 156–58.

First, plaintiff cannot bring this matter as a class action, or otherwise, on behalf of the other plaintiffs, because a *pro se* litigant can represent only herself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . "); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom*. *Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03–7120, 2004 WL 180264 (D.C.

Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 794–95 (D.C. Cir. 2010) (holding that standing exists only to redress or otherwise to protect against injury to the complaining party and a plaintiff must assert their own legal rights and interests and cannot rest their claim to relief on the legal rights or interests of third parties); *Singh v. Carter*, 185 F. Supp. 3d 11, 21 n. 4 (D.D.C. 2016) (same).

Second, and even if plaintiff had brought these claims only personally, it is of no consequence. *Pro se* litigants must still comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987).  Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Additionally, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Plaintiff's amended complaint is neither short nor plain, and the allegations cannot be described as simple, concise, or direct.  To the contrary, the pleading is "far too unwieldy to proceed."  *See Spence v. U.S. Dep't of Vet. Affairs*, No. 19-1947, 2022 WL 3354726, at *11 (D.D.C. Aug. 12, 2022), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024), *cert. denied*, --- S.Ct. ---, No. 24-468, 2024 WL 4874689 (Nov. 25, 2024).  "Courts have often dismissed complaints that contain bloated and disorganized allegations such as this for violations of Rule 8." *Id*. (citing *Unfoldment,*

*Inc. v. Dist. of Columbia*, No. 07-1717, 2007 WL 3125236, at *1–2 (D.D.C. Oct. 24, 2007) (dismissing 61-page complaint); *Ciralsky*, 355 F.3d at 668–671 (affirming dismissal without prejudice of 61-page complaint and striking of 119-page complaint); *Nichols v. Holder*, 828 F. Supp. 2d 250, 253–54 (D.D.C. 2011) (dismissing 140-page complaint because it was "prolix, redundant, [and] bloated with unnecessary detail," falling far short of Rule 8(d)'s requirement that each allegation be "simple, concise, and direct"); *Brown*, 75 F.R.D. at 499 (collecting cases)). To be clear, it "is not merely the length . . . that warrants dismissal for violating Rule 8; the disorganized and convoluted nature of the allegations counsel that result as well." *Id.* at *12 (citing *Nichols*, 828 F. Supp. 2d at 252) ("[U]necessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.")) (other citations and internal quotation marks omitted).

Here, plaintiff's amended complaint "contains an untidy assortment of claims that are neither plainly nor concisely stated," *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017), rife with "myriad seemingly irrelevant descriptions," *id*. at 415, thus failing to meet the requirements of Rule 8. Put differently, a "rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The amended complaint, and its supplements, fall squarely within this category.

For these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: February 28, 2025

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge